UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EGAN, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| PYRAMID ADVISORS LIMITED PARTNERSHIP d/b/a PYRAMID HOTEL GROUP, | |
| Defendant. | |

Plaintiff John Egan, on behalf of himself and the proposed class (defined below), brings this action against Pyramid Advisors Limited Partnership d/b/a Pyramid Hotel Group ("Pyramid") ("Pyramid" or "Defendant"):

**<ins>INTRODUCTION</ins>**

1.     For more than 20 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities by provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2.     This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3.     Pyramid operates various hotels throughout the United States, and, as part of those operations, provides hotel customers with transportation services.

4.      Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5.      Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to nondisabled guests.

## JURISDICTION AND VENUE

6.      The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.      Personal jurisdiction exists for Pyramid because it Pyramid manages and/or operates multiple hotels located in Allegheny County, including the Sheraton Pittsburgh Hotel at Station Square ("Sheraton").

8.      Venue in the Western District of Pennsylvania is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9.      Plaintiff Egan, at all times relevant hereto, is and was a resident of Allegheny County, Pennsylvania.

10.     Plaintiff Egan is a wheelchair user who is limited in the major life activity of walking.

11.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

12.    Pyramid is incorporated under the laws of Delaware with its principal place of business in Boston, Massachusetts.

## FACTUAL ALLEGATIONS

13.    Pyramid manages and/or operates many hotels throughout the United States.

14.    As part of these operations, Pyramid provides to its customers transportation services, including but not limited to complimentary shuttle services.

15.    Within the applicable limitations period, Plaintiff Egan called the Sheraton and was told by an agent of Pyramid that the Sheraton provides a complimentary shuttle service for guests.

16.    Plaintiff Egan was told that the complimentary shuttle service was not wheelchair accessible and was told that Pyramid would not provide an alternative transportation service. Plaintiff also was told that he would be responsible for finding other transportation services.[1]

17.    An investigation performed on Plaintiff Egan's behalf confirmed the allegations made in Paragraph 16.

18.    The investigation performed on behalf of Plaintiff Egan further confirmed that, in addition to the Sheraton, Pyramid manages and/or operates a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

19.    These hotels include, but are not limited to, the following locations:

A.    Marriott Mobile, 3101 Airport Blvd. Mobile AL

B.    Marriot Birmingham, 3590 Grandview Parkway, Birmingham AL

---

[1] At the bottom of the Home Page for the Website there is a link titled "Accessibility Information." Within that link is a sub-link titled "Accessibility." When the sub-link is clicked, information about accessibility at the Sheraton is provided, including the following statement under the heading "Public Spaces:" "Complimentary wheelchair accessible transportation." That representation is inconsistent with Plaintiff Egan's experience and with the investigation performed on his behalf.

C.      Graduate Tempe, 225 E. Apache Blvd. Tempe AZ

D.      Hilton Garden Inn Phoenix Airport 3838 E. Van Buren St. Phoenix AZ.

E.      DoubleTree by Hilton Hotel Berkeley Marina, 200 Marina Blvd. Berkeley CA.

F.      Marriott Pleasanton, 11950 Dublin Canyon Rd. Pleasanton CA.

G.      Quality Inn & Suites San Luis Obispo, 1631 Monterey St. San Luis Obispo CA.

H.      Crowne Plaza Danbury, 18 Old Ridgebury Rd. Danbury CT.

I.      Marriott Hartford, 28 Day Hill Rd. Windsor CT.

J.      Residence Inn Hartford, 942 Main St. Hartford CT.

K.      Aloft Sarasota, 1401 Ringling Blvd. Sarasota FL.

L.      DoubleTree Hilton Hotel Airport Westshore, Tampa FL.

M.      DoubleTree Hilton Hotel Orlando Downtown, 942 Main St. Hartford CT.

N.      Element Miami International Airport, 2100 NW 42nd Ave. Miami FL.

O.      Marriott Suites Deerfield, 2 Parkway North, Deerfield IL.

P.      Marriott Chicago Northwest, 4800 Hoffman Blvd. Hoffman Estates, IL

Q.      Marriott Cincinnati Airport, 2395 Progress Dr. Hebron KY.

R.      Marriott Boston Burlington, 1 Burlington Mall Rd. Burlington MA.

S.      Hilton Boston Woburn, 2 Forbes Rd. Woburn MA.

T.      Residence Inn Portland Waterfront, 145 Fore St. Portland ME.

U.      Candlewood Suites East, 3545 Forest Rd. Lansing MI.

V.      Radisson Hotel Lansing at the Capitol, 111 N. Grand Ave. Lansing MI.

W.      The Commons Hotel, 615 Washington Ave SE. Minneapolis MN.

X.      Graduate Oxford, 400 N. Lamar Blvd. Oxford MS.

Y.      Hilton North Raleigh, 3415 Wake Forest Rd. Raleigh NC.

Z.      JB Duke Hotel, 230 Science Dr. Durham NC.

AA.     Washington Duke Inn and Golf Club, 3001 Cameron Blvd. Durham NC.

BB.     Graduate Lincoln, 141 N. 9th St. Lincoln NE.

CC.     Element Hanover Lebanon, 25 Foothill St. Lebanon NH.

DD.     Radisson Hotel Manchester, 700 Elm St. Manchester NH.

EE.     Residence Inn Hanover, 32 Centerra Pkwy. Lebanon NH.

FF.     Renaissance Woodbridge Hotel, 515 US-1 Iselin NJ.

GG.     Residence Inn Yonkers, 7 Executive Blvd. Yonkers NY.

HH.     Renaissance Philadelphia Airport, 500 Stevens Dr. Philadelphia PA.

II.     Marriott Houston Westchase, 2900 Briarpark Dr. Houston TX.

JJ.     Marriott DFW Airport South, 4151 Centreport Dr. Fort Worth TX.

KK.     DoubleTree Hilton Hotel Salt Lake City, 5151 Wiley Post Way, Salt Lake

City UT.

LL.     Graduate Richmond, 301 W. Franklin St. Richmond VA.

MM.     Graduate Madison, 601 Langdon St. Madison WI.

20.     Pyramid's policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

21.     Though Plaintiff Egan is serving as a tester in this case, he would like to stay at the Sheraton in the future and use the hotel's transportation services.

22.     However, the lack of equivalent transportation services has deterred Plaintiff Egan from staying at the Sheraton or using its shuttle service.

23.     Plaintiff Egan has been, and in the absence of an injunction will continue to be, injured by Pyramid's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

24.     Plaintiff Egan brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of himself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Pyramid because of the lack of equivalent accessible transportation services at those hotels."

25.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

26.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

27.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

28.     Adequacy of Representation:  Plaintiff Egan is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff Egan will fairly, adequately, and vigorously represent and protect the interests of the members of

the class and has no interests antagonistic to the members of the class.  Plaintiff Egan has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

29.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

**CAUSE OF ACTION**
**For Violations of 42 U.S.C. §§ 12181, *et seq.***

30.     Plaintiff incorporates by reference each and every allegation herein.

31.     Plaintiff brings this claim individually and on behalf of the class.

32.     Plaintiff is an individual with a disability under the ADA.  42 U.S.C. § 12102(1)(A).

33.     Defendant Pyramid, a hospitality business, is public accommodation under the ADA.  42 U.S.C. § 12181(7).

34.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.  42 U.S.C. § 12182(a).

35.     Pyramid operates fixed route systems and demand responsive systems within the meaning of the ADA.  42 U.S.C. § 12181(3) and (4).

36.     For fixed route systems, Pyramid must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided.  42 U.S.C. § 12182(B).

37.     For demand responsive systems, Pyramid must provide wheelchair-accessible vehicles or ensure that equivalent service is provided.  42 U.S.C. § 12182(C)

38.     Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

39.     Moreover, by failing to provide accessible transportation, Pyramid has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a)     denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available on Pyramid's hotels;

b)     affording individuals with mobility disabilities unequal access to goods, services or facilities;

c)     utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

d)     failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

40.     Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

41.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff Egan requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement as follows:

42.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action reasonably calculated to ensure that its transportation services are fully accessible to, and independently usable by, individuals with visual disabilities;

43.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and are following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

44.     An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

45.     Payment of costs and reasonable attorneys' fees as provided for by law; and

46.     Such other additional or alternative relief as the Court finds just and proper.

Dated: October 20, 2017                    Respectfully submitted,

                                           */s/ R Bruce Carlson*
                                           R. Bruce Carlson
                                           bcarlson@carlsonlynch.com
                                           Kevin Abramowicz
                                           kabramowicz@carlsonlynch.com
                                           CARLSON LYNCH SWEET KILPELA &
                                           CARPENTER, LLP
                                           1133 Penn Avenue, 5th Floor
                                           Pittsburgh PA, 15222
                                           (412) 322-9243