IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN EGAN, individually and on behalf of )
all others similarly situated, )
 )
         Plaintiff, )
 )
         vs. )    Civil Action
 )    No. 2:17-cv-01383
PYRAMID ADVISORS LIMITED )
PARTNERSHIP d/b/a PYRAMID HOTEL )
GROUP, )
 )
         Defendant. )

MEMORANDUM OPINION

CONTI, Chief District Judge.

Before the court is the motion of plaintiff John Egan ("plaintiff" or "Egan"), on behalf of the proposed class and him,[1] for leave to join an additional defendant and for leave to file an amended class action complaint for declaratory and injunctive relief in this case. (ECF No. 17). The motion is fully briefed.

I. .BACKGROUND & PROCEDURAL HISTORY

On October 25, 2017, plaintiff instituted this action, alleging violations of the Americans with Disabilities Act[2] ("ADA"), 42 U.S.C. § 12181 et seq., (ECF No. 1). On February 23, 2018, defendant Pyramid Advisors Limited Partnership "doing business as"

---

[1] Egan brings this action under Federal Rules of Civil Procedure 23(a) and (b)(2) and on behalf of himself and the following proposed class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendants because of the lack of accessible transportation services at those hotels" (ECF 17-1 at ¶ 35).

[2] The Americans with Disabilities Act provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

1

Pyramid Hotel Group ("Pyramid") filed its answer and affirmative defenses (ECF No. 6). Egan, who uses a wheelchair, alleges that Pyramid, who manages hotels, failed to provide transportation services in compliance with the ADA. Egan alleges that he has been, and in the absence of an injunction will continue to be, injured by Defendants' policy and practice of failing to provide equivalent transportation services to persons with disabilities.

On May 2, 2018, plaintiff filed the pending motion to join Winegardner & Hammons Hotel Group, LLC ("Winegardner") as a defendant and for leave to amend the complaint for declaratory and injunctive relief (ECF No. 17). On May 23, 2018, Pyramid filed its response and brief in opposition, denying plaintiff's allegations *in toto* and contending that neither the original nor the proposed amended complaint state claims upon which relief can be granted.

II. JOINDER OF WINEGARDNER

Plaintiff seeks to join Winegardner, contending that "it and Pyramid collectively manages [sic] hotels and, in doing so, share a policy of discrimination with respect to transportation services provided to guests at those hotels" (ECF No. 17 ¶ 6). Defendant opposes joinder.

Federal Rule of Civil Procedure 20(a)(2) permits persons to be joined as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Plaintiff contends that joinder is proper under Rule 20 because Plaintiff asserts a right to relief *jointly* against Pyramid and Winegardner, and there are questions of law or fact common to them. Plaintiff explains that, as evidenced by Pyramid's and Winegardner's own websites,[3] the two companies have jointly owned, managed or operated the hotels at issue ever since Pyramid acquired Winegardner in 2016 (ECF No. 17 ¶¶ 3-4). Plaintiff alleged further that "[t]he companies also list many of the same hotels in their 'portfolios' on their websites" (ECF No. 17 ¶ 5).

Pyramid contends that joinder is improper, arguing that plaintiff cannot set forth any factual allegations that would allow this court to infer that Winegardner is a proper defendant (ECF No. 20 at 4). Pyramid denies that it owns, operates, or manages any of the hotels mentioned in plaintiff's amended complaint and that it "acquired Winegardner," explaining that plaintiff references public websites that "speak for [themselves]" (ECF No. 19 ¶¶ 3-5). Pyramid argues that plaintiff relies on "trade name branding" to connect Pyramid and Winegardner and asserts only "broad-brushed allegations of policy-setting" (ECF No. 20 at 3).

Upon review of Pyramid's and Winegardner's websites,[4] the court determined that there are nine hotels concurrently listed on each website.[5] Of those nine hotels, two

---

[3] Plaintiff alleges that according to representations on Pyramid's website, "[Pyramid] and Winegardner have collectively owned, managed, and/or operated hotels since 2016 when Pyramid acquired Winegardner" (ECF No. 17 ¶3, citing http://pyramidhotelgroup.com/about/, last accessed April 25, 2018). Plaintiff also alleges that according to representations on Winegardner's website, "[Winegardner] and Pyramid share 'hotel development opportunities and revenue management platforms' as well as 'best practices and resources'" (ECF No. 17 ¶4, citing https://whhotelgroup.com/winegarner-hammons-partners-with-one-of-nations-largest-hotel-management-companies/, last accessed April 25, 2018).

[4] The websites are explicitly relied upon in the proposed amended complaint and are referenced by both sides. *See Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744, 2017 WL 6547902, at *13 (S.D.N.Y. Dec. 20, 2017) (court reviewed website to confirm that alleged ADA violation was plausibly pleaded).

[5] The nine hotels listed on both Pyramid's and Winegardner's websites are as follows: Courtyard Pittsburgh North/Cranberry Woods (PA); Radisson Hotel Lansing at the Capitol (MI); Purdue Union Club Hotel (IN); Renaissance Indianapolis North Hotel (IN); Chicago Marriott Northwest (IL); Embassy Suites

are listed in the amended complaint – Marriott Chicago Northwest (IL) and Radisson Hotel Lansing at the Capitol (MI). The websites are not specific about the extent to which Pyramid or Winegardner manage those specific hotels. At this stage of the proceedings, plaintiff makes sufficient allegations about the plausibility of joint liability with respect to the Marriott Chicago Northwest (IL) and the Radisson Hotel Lansing at the Capitol (MI). The issue whether Pyramid or Winegardner is responsible for the alleged non-compliance with the ADA presents a question of law or fact common to Pyramid and Winegardner.

At this stage of the proceedings, inferences must be drawn in the light most favorable to plaintiff. Accordingly, the joinder of Winegardner under Federal Rule of Civil Procedure 20 is proper.

III. <u>LEAVE TO AMEND COMPLAINT</u>

Because joinder of Winegardner is proper, the court must address whether leave should be granted for plaintiff to amend the complaint. Federal Rule of Civil Procedure 15(a)(2) provides: "a party may amend its pleading with the . . . court's leave," and "[t]he court should freely give leave when justice so requires." "A district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be *futile*, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (emphasis added).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," which is the same standard as that of a Rule 12(b)(6)

---

Lexington (KY); Spartanburg Marriott (SC); Clearwater Beach Marriott Suites on Sand Key (FL); and Austin Marriott North (TX). *See* pyramidhotelgroup.com/properties (June 18, 2018); https://whhotelgroup.com/hotels/ (June 18, 2018).

4

motion. *In re Burlington Coat Factory Sec. Litig.*, 141 F.3d 1410, 1434 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in this context, means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court will analyze whether the allegations in the proposed amended complaint state a plausible claim for relief. If so, then the proposed amendment is not futile and the court will grant leave to file the amended complaint.

Pyramid contends that joining Winegardner as a defendant would be futile, stating: "[p]laintiff . . . provides no substantive factual allegations to show that Winegardner owned, managed, and/or operated any of the hotels identified in Plaintiff's original or proposed Amended Complaint" (ECF No. 20 at 3). Plaintiff alleges that Pyramid maintains an "extensive organization chart" of companies, which are all held out to be doing business as "Pyramid Hotel Group" (ECF No. 17 ¶¶ 8-9). Plaintiff alleges that Pyramid and Winegardner collectively "direct[] the policies in place at all hotels that are represented as managed by 'Pyramid Hotel Group' whether those hotels are managed by Pyramid itself or an affiliated entity" (ECF No. 17 ¶ 11). Plaintiff relies on Pyramid's and Winegardner's websites to make these assertions, and as discussed previously, there are questions of fact about whether Pyramid or Winegardner directed the policies regarding at least two of the hotels named in the amended complaint. Therefore, it is plausible that Pyramid or Winegardner, individually or jointly, violated the ADA.

5

IV. PIERCING THE CORPORATE VEIL

Pyramid argues that even if the allegations state a plausible claim for relief, the "[p]laintiff improperly seeks to end-run corporate structure and pierce the corporate veil," and that the proposed amendment to join Winegardner as an additional defendant is "nothing more than a fishing expedition" (ECF No. 20 at 1-2, 4).

The Third Circuit Court of Appeals first adopted the alter ego theory as federal common law in *United States v. Pisani*, 646 F.2d 83, 87-89 (3d Cir. 1981) (setting forth factors to determine whether to disregard the corporate form).[6] In *Trustees of National Elevator Industrial Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188 (3d Cir. 2003), the court held that the alter ego doctrine does not require a finding of fraudulent intent and emphasized that the factors are not intended to act as a "rigid test" but to be used as an equitable remedy to prevent fraud, injustice or fundamental unfairness. *Id*. at 194. Clear and convincing evidence, however, must be shown. *Id.*

Here, the proposed amended complaint does not directly raise the alter ego issue. The articulation of an anticipatory defense is premature and does not convince the court to deny leave to amend the complaint.

---

[6] The following factors are relevant considerations to determine whether to disregard the corporate entity: "whether the corporation is grossly undercapitalized for its purposes, . . .failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders." *Pisani*, 646 F.2d at 88.

VII. CONCLUSION

The allegations in the proposed amended complaint are sufficient to raise the issue whether Pyramid and Winegardner jointly manage, own or control the hotels listed in both companies' online portfolios. Under these circumstances, the joinder of Winegardner is proper due to plaintiff's plausible claim of a right to relief jointly from Pyramid and Winegardner for violations of the ADA. The court will grant the motion of plaintiff, on behalf of himself and the proposed class, for leave to join Winegardner as an additional defendant and for leave to file an amended class action complaint for declaratory and injunctive relief.

An appropriate order follows.

August 27, 2018

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge